IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| L. RAY SCHRAM, JR.,<br>    Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, ex re. Oklahoma Department of Corrections ("ODOC"), Oklahoma State Penitentiary ("OSP");<br>MARTY SIRMONS, Warden, in his official and individual capacities;<br>LINDA MORGAN, Deputy Warden, in her official and individual capacities;<br>ART LIGHTLE, Deputy Warden, in his official and individual capacities;<br>FNU STEWART, OSP Medical Doctor, in his/her official and individual capacities;<br>FNU JONES, OSP Chief of Security, in his/her official and individual capacities;<br>DARYL WILSON, OSP Unit Manager, in his official and individual capacities;<br>WAYNE BRACKENSIEK, OSP Law Library Supervisor, in his official and individual capacities;<br>BOBBY BOONE, ODOC Regional Director, in his official and individual capacities;<br>JUSTIN JONES, ODOC Director, in his official and individual capacities;<br>CHESTER MASON, OSP Medical Health Administrator, in his official and individual capacities; and<br>JOHN DOES 1-22 (employees of the State of Oklahoma, either at ODOC or OSP), in their official and individual capacities,<br>    Defendants. | Case No. CIV-09-040-RAW |

## ORDER & OPINION

Before the court is the Defendants' motion to dismiss or in the alternative for summary judgment [Docket No. 34]. Plaintiff filed his Amended Complaint on February 25, 2009, requesting damages based on the following five claims: (1) violation of his rights under 42

U.S.C. § 1983; (2) violation of his rights under 42 U.S.C. § 1985; (3) violation of his rights under 42 U.S.C. § 1986; (4) state law claim for "gross negligence and/or willful and wanton misconduct and/or assault and battery and/or intentional torts;" and (5) state law claim for medical malpractice.

Defendants argue that Plaintiff's Amended Complaint should be dismissed because: (1) he failed to exhaust his administrative remedies; (2) his state law claims are barred by the Oklahoma Governmental Tort Claims Act (hereinafter "Oklahoma's GTCA"); and (3) he failed to show any personal participation by any defendant.

## BACKGROUND

### The Assault

Plaintiff is an inmate within the custody of the Oklahoma Department of Corrections (hereinafter "ODOC"), currently incarcerated at the Oklahoma State Penitentiary (hereinafter "OSP") in McAlester, Oklahoma. Plaintiff claims that during his incarceration, on October 23, 2007, he was subjected to a brutal assault by other inmates and that the Defendants did not help him. He claims that Defendants failed in their duty to protect him, and as a result, he sustained massive injuries.

Plaintiff does not make any claims regarding any of the individual Defendants having direct personal knowledge of the attack against him and ignoring it. He argues instead that they are all "policy makers" and have created a policy, custom, and practice of allowing inmates to be assaulted without aid from staff members. He claims, but does not provide any evidence, that Defendants failed to discipline the inmates involved in the assault against him.

Plaintiff does not dispute that he did not complete the prison's grievance policy requirements with regard to the assault or his medical complaints. Plaintiff never filed an "Inmate/Offender Grievance Report Form" based on the assault. Plaintiff avers that he was not able to write a grievance report during the weeks following the assault due to his injuries and that no one provided him with assistance to timely file a grievance regarding the assault. Section XII of ODOC's grievance policy provides inmates with a method for submitting a grievance out of time. Plaintiff did not utilize this procedure.

**Medical Care**

Plaintiff also claims that Defendants failed in their duty to provide adequate medical care to him after the assault. Beginning in April of 2008 and continuing through at least October of 2008, Plaintiff submitted several "Request for Medical Services" and "Request to Staff" forms asking for medical assistance. He claims that the Defendants ignored, interfered with, and delayed his attempts at utilizing the prison's grievance policy process by not responding to any of his requests.

Specifically, he claims that Defendant Mason, the OSP Medical Health Administrator, and Defendant Stewart, Plaintiff's physician, had personal knowledge of his serious medical needs and were deliberately indifferent. With regard to the remaining Defendants, he simply states that they were all "policy makers" and have created a policy, custom, and practice of denying inmates access to administrative remedies.

Plaintiff did file an "Inmate/Offender Grievance Report Form" with regard to his medical complaints on May 18, 2008. While Section V.A.5. of the grievance policy provides that "[a]ll medical grievances will be submitted to the facility correctional health services administrator for

3

resolution," the form itself indicates that the form should be sent to either the warden or the district supervisor. Plaintiff sent his grievance form to the warden, Defendant Sirmons. Plaintiff admits that he has not completed the prison's grievance policy requirements, but argues that Defendants made completion impossible by ignoring his grievances.

By all accounts, Plaintiff has never received any written response to any of his "Request for Medical Services" or "Request to Staff" forms or to his "Inmate/Offender Grievance Report Form." Defendants submitted an affidavit from Chester Mason, an ODOC Correctional Health Services Administrator, who averred that he and other health services staff have conducted a thorough search of the Health Services records, files and logs, and found two "Request to Staff" forms and seven "Request for Medical Services" forms from Plaintiff. A review of those forms reveals that each request on file was addressed, often resulting in Plaintiff being seen by medical personnel. Mr. Mason avers that the other forms Plaintiff attached as evidence "can not (sic) be found to be properly submitted, logged, and processed or to be on file."

Section IV.B.7. of ODOC's grievance policy provides that if an inmate has not received a response to "Request to Staff" complaint within 30 days, the inmate may file a grievance. According to Plaintiff, after several ignored requests, he did file a grievance, but it was ignored also. Section V.C.4. of ODOC's grievance policy provides that if an inmate has not received a response to a grievance within 30 days, the inmate may send a grievance to the administrative review authority or chief medical officer.

Plaintiff does not claim to have sent his grievance to either the administrative review authority or to the chief medical officer. Furthermore, Defendants submitted affidavits from ODOC's Manager of the Administrative Review Unit and an ODOC Nurse Manager in the

4

Medical Services Office who each averred that Plaintiff had not submitted any grievance appeals or correspondence. Plaintiff did not complete ODOC's grievance procedure.

## ANALYSIS

Defendants' motion is one to dismiss or for summary judgment. Both parties submitted, and the court has considered, evidence outside the pleadings. Therefore, the court utilizes the summary judgment standard. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to Plaintiff. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006). All doubts will be resolved in Plaintiff's favor. At this stage, however, Plaintiff may not rely on mere allegations, but must have set forth, by affidavit or other evidence, specific facts in support of his Complaint. Id.

**State Claims**

Defendants argue, and Plaintiff concedes, that his state law claims are barred by Oklahoma's GTCA. Oklahoma's GTCA, 51 O.S. § 151, et seq., governs claims against the state of Oklahoma, "its political subdivisions, and all of their employees acting within the scope of their employment." 51 OKLA. STAT. § 152.1(A). "The state, only to the extent and in the manner provided [in Oklahoma's GTCA], waives its immunity and that of its political subdivisions. In so waiving its immunity, it is not the intent of the state to waive any rights under

5

the Eleventh Amendment." 51 OKLA. STAT. § 152.1(B).

Oklahoma has not waived its immunity in this case, an action based on actions taken while operating a prison; instead, Oklahoma has specifically preserved its immunity. "The state or a political subdivision shall not be liable if a loss or claims results from . . . operation or maintenance of any prison, jail or correctional facility . . . ." 51 OKLA. STAT. § 155(24). Oklahoma's GTCA "categorically excludes liability for claims involving the 'operation or maintenance of any prison, jail or correctional facility.'" DeYonghe v. Ward, 121 Fed.Appx. 335, 339 (10th Cir. 2005) (citing 51 OKLA. STAT. § 155(24)).

Moreover, Oklahoma's GTCA provides: "The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." 51 OKLA. STAT. 153(B). Additionally, Oklahoma's GTCA provides in pertinent part: "In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . ." 51 OKLA. STAT. 163(C). Plaintiff does not dispute that the named individual Defendants in this action were acting within the scope of their employment. For these reasons, and the fact that Plaintiff concedes that his state law claims are barred by Oklahoma's GTCA, his state law claims are hereby DISMISSED with prejudice.

**Federal Claims**

The Prison Litigation Reform Act (hereinafter "PLRA"), 42 U.S.C. § 1997e, et seq., requires that a prisoner exhaust his administrative remedies as to each claim prior to filing a lawsuit. Specifically, PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

Exhaustion of Plaintiff's administrative remedies is mandatory; otherwise, his claims cannot be brought in court. Jones v. Bock, 549 U.S. 199, 211 (2007). The prisoner must "complete the administrative review process in accordance with the applicable rules." Id. at 922 (quotation marks and citation omitted). Those rules are defined by "the prison's requirements, and not the PLRA." Id. at 923.

Plaintiff never even attempted to begin the administrative review process with regard to the assault. He claims he was unable to write for the weeks after the assault. ODOC's grievance policy, however, afforded him the opportunity to file a request to file his grievance out of time. Plaintiff did not avail himself of that opportunity.

With regard to his medical complaints, Plaintiff did not complete ODOC's administrative review process. He argues that Defendants prevented him from completing the process by ignoring his requests and grievances. ODOC's grievance policy, however, afforded him remedies to unanswered requests and to unanswered grievances. Plaintiff did not take the next steps. He did not exhaust his administrative remedies. Consequently, all of Plaintiff's federal claims[1] are DISMISSED without prejudice.[2]

---

[1]Defendants argue that Plaintiff's claims against the ODOC Defendants must be dismissed because Plaintiff failed to exhaust his administrative remedies. The court, however, finds that all of Plaintiff's federal claims must be dismissed. Based on the plain language of the statute, an inmate may bring *no action* – against the State, against State officials in their official capacities or against State officials in their individual capacities – unless he has exhausted his administrative remedies.

[2]Defendants argue that any claim which was not properly exhausted and is procedurally barred should be dismissed with prejudice and rely on Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006). That case holds that "a claim that has been properly rejected by the prison

## CONCLUSION

Accordingly, Defendants' motion [Docket No. 34] is hereby GRANTED. Plaintiff's state claims are DISMISSED WITH PREJUDICE. Plaintiff's federal claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 21st day of August, 2009.

**Dated this 21st Day of August 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0

---

grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." Id. The reason for this is that "[o]nce a prison formally denies an inmate's grievance for untimeliness, and either the inmate does not challenge the basis for that decision or the court upholds the decision, the inmate's failure to exhaust is no longer 'a temporary, curable, procedural flaw.'" Id. Ordinarily, however, a dismissal for failure to exhaust administrative remedies is without prejudice. Plaintiff's federal claims are dismissed without prejudice because he has not received any rejection by ODOC's grievance system.